IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTONIO SCOTT, #263 458, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 3:12-CV-226-TMH |
| | )                [WO] |
| OFFICER DAVIS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility located in Union Springs, Alabama, filed this 42 U.S.C. § 1983 action on March 13, 2012. He complains that during his incarceration at the Lee County Detention Center, Defendant Keron Davis subjected him to excessive force on February 13, 2012.[1] Plaintiff seeks injunctive relief and $1.5 million in damages. *Court Doc. Nos. 1, 19*.

Pursuant to the orders of the court Defendant Davis filed an answer, a special report, and supporting evidentiary materials addressing Plaintiff' claims for relief. In these documents, Defendant Davis asserts this case is due to be dismissed because Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendant Davis maintains that Plaintiff failed to exhaust the administrative remedies available to him at the Lee County Detention Center via the

---

[1] Plaintiff was transferred to the custody of the Alabama Department of Corrections during the pendency of this action.

facility's inmate grievance procedure as he failed to file a grievance about the allegation made the basis of his complaint. *Court Doc. No. 27, Davis, Jones, and Welch Affidavits; Exh. B*.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendant's written report as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"); *Titus v. Kelly*, 510 F. Appx. 864, 865 (11th Cir. 2013) (same). The court granted Plaintiff an opportunity to respond to the dispositive motion. *Court Doc. No. 28*. This case is now pending on Defendant's motion to dismiss. Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's response, the court concludes that Defendant's motion to dismiss is due to be granted and this case dismissed for Plaintiff's failure to exhaust an available administrative remedy.

## I. DISCUSSION

Plaintiff states that on February 13, 2012, Defendant Davis entered the 200 pod at the Lee County Detention Center and, without provocation, pushed Plaintiff into a wall and struck him in the face with his hand. At the time of the incident Plaintiff contends that Defendant Davis should not have been in the cell with him but on the other side of the glass.

*Court Doc. No. 1 at* 3.  In his dispositive motion, Defendant Davis denies Plaintiff's allegation of a constitutional violation. Defendant further asserts that this case is due to be dismissed because Plaintiff failed to exhaust the administrative remedy provided by the Lee County Detention Center prior to filing this complaint as required by the directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  *See Court Doc. No. 27, Davis, Jones, and Welch Affidavits and Exh. B*.  Federal law directs this court to treat Defendant Davis's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion.  *Bryant*, 530 F.3d at 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of all available

administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id.* at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

    The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints which is available to all detention center

inmates including Plaintiff during his confinement at the facility during the relevant time period. Plaintiff does not challenge the availability of a grievance procedure at the jail. The relevant portion of the grievance procedure allows an inmate to file a grievance addressing actions occurring or conditions present in the detention center by submitting an inmate request form and stating the basis for the grievance. Defendant Davis maintains that Plaintiff's jail file contains no inmate grievance and/or any appeal of a grievance regarding the incident of excessive force alleged in the complaint nor did Plaintiff voice any complaints to Defendant or other facility personnel about such matter. *Court Doc. No. 27, Davis, Jones, and Welch Affidavits and Exh. B*.

In an unsworn response to Defendant's dispositive motion, Plaintiff maintains that Defendant Davis's assertion that he (Plaintiff) was aware of the grievance process is irrelevant because all he has to prove is that Defendant Davis "physically [and] mentally tortured" him causing him damage. Plaintiff further asserts he "was aware of Lee County procedures" but paperwork had nothing to do with whether Defendant Davis acted inappropriately. *Court Doc. No. 29 at* 3-4.

The evidence in this matter affirmatively reflects that Plaintiff did not utilize the administrative remedies available to him at the Lee County Detention Center with respect to his claim against the named defendant. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define

the boundaries of proper exhaustion."). The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that the Lee County Detention Center has a grievance procedure available for inmate complaints and that such grievance process was available to Plaintiff during his incarceration at the facility. Plaintiff, however, did not follow the grievance procedure and failed to exhaust his administrative remedies regarding his excessive force claim. Consequently, Defendant Davis's motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Davis's motion to dismiss (*Doc. No. 27*) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Lee County Detention Center with regard to the allegation presented in the complaint;

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an available administrative remedy prior to filing suit; and

3. No costs be taxed herein.

It is further

ORDERED that on or before **November 13, 2013** the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of October 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE